# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EARLENE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV00971 SPM |
| ) | |
| ROBERT MCDONALD, ) | |
| Secretary of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. The Court has reviewed the financial affidavit submitted with the motion and finds that plaintiff is unable to pay the statutory filing fee. As a result, the motion will be granted. Furthermore, under 28 U.S.C. § 1915(e) the Court is required to review the complaint and dismiss any portion of it that is frivolous, malicious, or fails to state a claim upon which relief can be granted. As it is not apparent from the face of the complaint whether plaintiff has exhausted her administrative remedies in a timely manner, the Court will require plaintiff to show cause why this action should not be dismissed for her failure to do so.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*. Plaintiff additionally states that she is bringing claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. §§ 701, *et seq.*

Prior to filing an employment action against a federal agency in a district court a complainant must comply with certain notice and exhaustion requirements. *McAlister v.*

*Secretary of Dept. of Health and Human Services*, 900 F.2d 157, 158 (8th Cir. 1990); *Jordan v. United States,* 522 F.2d 1128, 1132 (8th Cir. 1975). In order to exhaust her administrative remedies, a complainant must first pursue his allegations by contacting an EEO counselor within 45 days of the unlawful practice. 29 C.F.R. § 1614.105(a)(1). *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir.2005). If dissatisfied with the result obtained with the help of the counselor, the employee must file a formal complaint of discrimination with the federal agency. 29 C.F.R. § 1614.106. Once the agency has made a final determination of the complaint, an employee can file a civil action in federal court asserting a claim of employment discrimination. 42 U.S.C. § 2000e–16(c).

Although plaintiff has alleged in her complaint that she filed her claims with the Equal Employment Opportunity Commission, she has not claimed that she filed her allegations within the Department of Veterans Affairs in a timely manner before bringing this lawsuit. As such, the Court will order plaintiff to show cause why this action should not be dismissed for failure to exhaust her administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause within thirty (30) days of the date of this Memorandum and Order why this action should not be dismissed for failure to exhaust her administrative remedies.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely respond to this Order, this action will be dismissed, without prejudice.

So Ordered this 1st day of July, 2015.

E. *[signature]*
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE